**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**LAGAYLE TAYLOR** **PLAINTIFF**

**VS.** **CIVIL ACTION NO. 3:07-cv-76-WHB-JCS**

**THE CITY OF JACKSON, MISSISSIPPI** **DEFENDANT**

**OPINION AND ORDER**

This cause is before the Court on the Motion of Defendant to Dismiss. The Court has considered the Motion, Response, Rebuttal, Surrebuttal as well as supporting and opposing authorities, and finds that the Motion should be granted in part and denied in part.

## I. Factual Background and Procedural History

Beginning in September of 1996, LaGayle Taylor ("Plaintiff") was employed as a social worker for the City of Jackson, Mississippi ("Defendant"), in the Human and Cultural Services Division. Plaintiff was terminated from her employment on September 27, 2005, because of twelve incidents of alleged misconduct that occurred during the course and scope of her employment. Plaintiff alleges that she had previously been allowed to keep her position even though she had exhibited "similar colorful conduct", and that the incident ultimately resulting in

her termination was not documented or properly investigated. Although Plaintiff was given a termination hearing on January 12, 2006, Plaintiff claims that she was denied a full and fair opportunity to defend herself against the allegations underlying her termination.

Plaintiff initially filed her Complaint in the First Judicial District of Hinds County, Mississippi, on December 12, 2006. On January 9, 2007, Plaintiff filed a First Amended Complaint ("Complaint") in that same court alleging claims of race-based discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), codified at 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. §§ 1981 and 1983. Plaintiff also alleges state law claims of wrongful termination, breach of contract, and intentional/negligent infliction of emotional distress. Through her Complaint, Plaintiff seeks injunctive relief in the form of reinstatement, compensatory and punitive damages, and attorneys' fees and interest. The lawsuit was removed to this Court on February 8, 2007, on the basis of federal question jurisdiction and, as Plaintiff alleges claims arising under federal law, the Court finds that it may properly exercise subject matter jurisdiction over this case in accordance with 28 U.S.C. § 1331.

Defendant now moves for dismissal of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **II. Rule 12(b)(6) Standard of Review**

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is "viewed with disfavor" and "rarely granted." Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). When considering such motion, the Court must liberally construe the allegations in the complaint in favor of the plaintiff and accept all pleaded facts as true. Id. quoting Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir. 1986)). Although the complaint, "must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial," see Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995), the complaint cannot be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Blackburn v. Marshall, 42 F.3d 925, 931 (5th Cir. 1995). This same rule applies "when immunity is urged as a defense by a motion to dismiss." Chrissy F. by Medley v. Mississippi Dept. of Pub. Welfare, 925 F.2d 844, 846 (5th Cir. 1991).

## III. Legal Analysis

### A. Federal Law Claims[1]

Defendant moves for dismissal of Plaintiff's Title VII claims by first arguing there is no evidence that she filed the requisite Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). In response, Plaintiff submitted both the Charge of Discrimination she filed with the EEOC as well as the Right to Sue Letter she received from that agency. As the record shows that Plaintiff did in fact file a Charge of Discrimination with the EEOC, the Court finds the first argument in support of dismissal offered by Defendant lacks merit.

Second, Defendant moves for dismissal of Plaintiff's Title VII claims arguing that Plaintiff's Charge of Discrimination was untimely filed with the EEOC. The law is clear that a Charge of Discrimination must be filed with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). The United States Court of Appeals for the Fifth Circuit has held that "[i]f an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed." Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 476-77 (5th Cir. 1991). See also Lovett v. Barbour Int'l Inc., No 06-60074, 2006 WL 3716406, at 2 (5th Cir. Dec. 14, 2006) (unpublished

[1] Defendant has moved only for the dismissal of Plaintiff's Title VII claims. The Court, therefore, will not consider dismissal of Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983.

opinion). Defendant argues that as Plaintiff was terminated on September 27, 2005, but did not file her Charge of Discrimination with the EEOC until August 11, 2006, her Title VII claims arising from her termination must be dismissed. Plaintiff argues that although she was terminated on September 27, 2005, the applicable 180-day period began to run on February 15, 2006, the date on which the Civil Service Commission entered its Opinion and Order affirming her termination. Plaintiff further argues that because less than 180 days elapsed between the date on which the Civil Service Commission entered its Opinion and Order and the date on which she filed her Charge of Discrimination with the EEOC, her Title VII claims are timely.

Under Fifth Circuit precedent, "[t]he operative date from which the 180-day filing period begins to run is 'the date of notice of termination, rather than the final date of employment.'" Clark v. Resistoflex Co., a Div. of Unidynamics Corp., 854 F.2d 762, 765 (5th Cir. 1988) (citing Elliot v. Group Med. & Surgical Serv., 714 F.2d 556, 563 (5th Cir. 1983), Chardon v. Fernandez, 454 U.S. 6 (1981) and Delaware State Coll. v. Ricks, 449 U.S. 250 (1980)). "Determination of when notice has been communicated to an employee is based upon an objective standard, focusing upon when the employee knew, or reasonably should have known, that the adverse employment decision had been made." Id. In the case *sub judice*, it is clear that Plaintiff knew that Defendant had

terminated her employment on September 27, 2005. That Plaintiff appealed this decision to the Civil Service Commission does not act to extend the statutory 180-day filing period. See Ricks, 449 U.S. at 261 ("[W]e already have held that the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the [180-day] limitations periods.") (citing International Union of Elec., Radio and Mach. Workers, AFL/CIO, Local 790 v. Robbins & Myers, Inc., 429 U.S. 229 (1976)); Chardon, 454 U.S. at 6 (finding that the 180 day limitation period begins to run when notice of termination is given, and not the date of final termination); Lovett, No 06-60074, 2006 WL 3716406, at 2 ("Knowledge of facts sufficient to support [a discrimination] claim suffices to trigger the 180-day time limit."); McNeill v. Atchison, Topeka & Santa Fe Ry. Co., 878 F. Supp. 986, 989 (S.D. Tex. 1995) (finding that the running of the 180-day period for filing a discrimination claim "is not tolled while the employee exhausts his remedies under a grievance procedure or claim filed with a state's Civil Rights Commission.").

The Court finds that as Plaintiff did not file her Charge of Discrimination with the EEOC within 180 days after she was terminated on September 27, 2005, she has no possibility of recovering on her Title VII claims. See United Airlines, Inc. v. Evans, 431 U.S. 553, 555 n.4 (1977) (finding that timely filing a Charge of Discrimination with the EEOC is a prerequisite for

maintaining a Title VII claim); Barrow, 932 F.2d at 476-77 ("[I]f an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed."). Accordingly, the Court finds that Plaintiff's Title VII claims should be dismissed.

**B. State Law Claims**

Defendant moves for the dismissal of Plaintiff's breach of contract claim on the basis that the parties did not enter an employment contract. "Plaintiff concedes that her employee handbook does not constitute a written contract [and] concedes to the dismissal of her breach of contract claim." See Resp. to Mot. to Dismiss, ¶ 10. Accordingly, the Court finds that Plaintiff's breach of contract claim should be dismissed.

Defendant also moves for dismissal of Plaintiff's state law tort claims of wrongful termination and intentional/negligent infliction of emotional distress on the basis that she failed to comply with the mandatory notice requirement of the Mississippi Tort Claims Act ("MTCA"). Under Mississippi law:

> There is a mandatory notice requirement on potential plaintiffs which must be satisfied prior to the institution of any tort lawsuit against a governmental entity or one of its employees. Specifically, in an action against a governmental agency "ninety days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity."

Black v. City of Tupelo, 853 So. 2d 1221, 1226 (Miss. 2003) (quoting MISS. CODE. ANN. § 11-46-11(1)). Plaintiff concedes that

she did not file a Notice of Claims as required by the MTCA. Plaintiff, however, argues that her state law claims remain viable because Defendant waived its Eleventh Amendment immunity by removing this lawsuit to federal court. See Resp. to Mot. to Dismiss, ¶¶ 7-9.

It is well settled that under the Eleventh Amendment to the United States Constitution, states retain immunity from private lawsuits in their own courts. See Black v. North Panola Sch. Dist., 461 F.3d 584, 593 (5th Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 754 (1999)). It is equally clear that states can waive the immunity afforded by the Eleventh Amendment by removing a lawsuit to federal court. See Lapides v. Board of Regents of Univ. Sys. of GA, 535 U.S. 613 (2002). The case *sub judice*, however, was neither brought against, nor removed to federal court by, the State of Mississippi. Instead, the lawsuit was filed against the City of Jackson, Mississippi, which is not granted any protection under the Eleventh Amendment. See Black, 461 F.3d at 594 ("Eleventh Amendment immunity does not extend to suits prosecuted against municipalities or other governmental entities that are not considered arms of the state."). As Defendant was not entitled to claim any immunity under the Eleventh Amendment, the Court finds it could not have waived such immunity by removing the subject lawsuit to federal court. Accordingly, the Court finds that Plaintiff's argument lacks merit.

Plaintiff's tort claims of wrongful termination and intentional/negligent infliction of emotional distress, because they are alleged against a governmental entity, are governed by the MTCA. See Simpson v. City of Pickens, 761 So. 2d 855, 858 (Miss. 2000) (finding that the MTCA "provides the exclusive civil remedy against a governmental entity or its employees for acts or omissions which give rise to a suit."). The City of Jackson is considered a governmental entity for the purposes of the MTCA. See MISS. CODE ANN. § 11-46-1 (g)&(i). See also, Gale v. Thomas, 759 So. 2d 1150, 1154 (Miss. 1999) (finding that the City of Jackson, Mississippi, was a municipality for the purposes of the MTCA).

As previously discussed, in order to maintain a claim under the MTCA, a plaintiff must submit a Notice of Claim to the entity to be sued ninety days prior to filing suit. See MISS. CODE ANN. § 11-46-11(1), which provides, in relevant part:

> After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity...

Plaintiff concedes that she did not file a Notice of Claim as required by the MTCA. As Plaintiff has failed to strictly comply with the notice provisions of the MTCA, the Court finds she has no possibility of recovering on her state law tort claims. See South

Cent. Reg'l Med. Ctr. v. Guffy, 930 So. 2d 1252, 1253 (Miss. 2006) (finding that claims under the MTCA were subject to dismissal because the plaintiff failed to strictly comply with the notice provisions of the Act); University of Miss. Med. Ctr. v. Easterling, 928 So. 2d 815, 820 (Miss. 2006). Accordingly, the Court finds that Plaintiff's state law tort claims of wrongful termination and intentional/negligent infliction of emotional distress should be dismissed.

## IV. Conclusion

The Motion of Defendant to Dismiss will be granted as to Plaintiff's federal law claims arising under Title VII, and her state law claims of breach of contract, wrongful termination, and intentional/negligent infliction of emotional distress. Plaintiff's federal law claims under 42 U.S.C. §§ 1981 and 1983 remain for trial.

For the forgoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant to Dismiss [Docket No. 3] is hereby granted in part and denied in part. The Motion is granted as to Plaintiff's federal law claims arising under Title VII, and her state law claims of breach of contract, wrongful termination, and intentional/negligent infliction of emotional distress. The Motion is denied as to Plaintiff's federal law claims under 42 U.S.C. §§ 1981 and 1983.

IT IS FURTHER ORDERED that the stay previously entered in this case is hereby lifted. The Clerk of Court is directed to return this case to the active docket of the Court.

IT IS FURTHER ORDERED that counsel for Defendant shall, within seven days of the entry of this Order, contact the Chambers of United States Magistrate Judge Linda R. Anderson and request that a telephonic Case Management Conference be scheduled for this case.

SO ORDERED this the 20th day of July, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE