```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**LAGAYLE TAYLOR**                                            **PLAINTIFF**

VS.                                       CIVIL ACTION NO. 3:07-cv-76-WHB-LRA

**THE CITY OF JACKSON, MISSISSIPPI**                          **DEFENDANT**

<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Motion of Defendant, the City of Jackson, Mississippi, to Dismiss Remaining Claims, which is presumably brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has considered the Motion, Response, Rebuttal, as well as supporting and opposing authorities, and finds that the Motion is well taken and should be granted.

### I.  Factual Background and Procedural History

Beginning in September of 1996, LaGayle Taylor ("Taylor") was employed as a social worker for the City of Jackson, Mississippi ("City of Jackson"), in the Human and Cultural Services Division. On September 27, 2005, Taylor was terminated because of twelve incidents of alleged misconduct that occurred during the course and scope of her employment. According to Taylor:

> [She] was given a hearing date of January 12, 2006 in compliance with city regulation; however, Plaintiff was denied a full and fair opportunity to defend herself against [the allegations underlying her termination] at the hearing. The premise for granting the hearing was singularly to comply with proper termination practices as the Defendant's motivation for termination was to discriminate on the basis of race.

Compl., at ¶ 8.

Taylor initially filed her Complaint in the First Judicial District of Hinds County, Mississippi, on December 12, 2006. On January 9, 2007, Taylor filed a First Amended Complaint in that same court alleging claims of race-based discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. §§ 1981 and 1983. Taylor also alleged state law claims of wrongful termination, breach of contract, and intentional/negligent infliction of emotional distress. The lawsuit was removed to this Court on the basis of federal question jurisdiction and, as Taylor alleged claims arising under federal law, the Court previously found it could properly exercise subject matter jurisdiction over this case in accordance with 28 U.S.C. § 1331. On February 2, 2007, the City of Jackson moved, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), for dismissal of Taylor's Title VII and state law claims. By an Opinion and Order entered on July 20, 2007, the Court (1) dismissed Taylor's Title VII claims on the basis that her Notice of Claim to the Equal Employment Opportunity Commission was untimely, (2) dismissed her state law breach of contract claim as confessed, and (3) dismissed her remaining state law claims on the basis that she had failed to comply with the Notice provision of Mississippi Code Annotated Section 11-46-11. See Opinion and Order of July 20, 2007 [Docket No. 11]. The City of Jackson now moves for dismissal of Taylor's remaining Section 1981 and 1983 claims pursuant to Rule 12(b)(6) of the FRCP.

## II.  Standard of Review

Under Rule 12(b)(6) of the FRCP, a party may seek dismissal based on its opponent's "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004); Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999).  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face."  See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).[1]  "Factual allegations must be

---

[1]  This standard differs from the Rule 12(b)(6) standard heretofore applied in this Circuit.  As recently explained by the United States Court of Appeals for the Fifth Circuit:
> We have often stated that a claim should not be dismissed under Rule 12(b)(6) unless the plaintiff would not be entitled to relief under any set of facts or any possible theory he may prove consistent with the allegations in the complaint.  See, e.g., Martin K. Eby Constr., 369 F.3d at 467 (quoting Jones, 188 F.3d at 324).  This standard derived from Conley v. Gibson, which stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  355 U.S. 41, 45-46 1957).  But recently in Bell Atlantic, the Supreme Court made clear that the Conley rule is not "the minimum standard of adequate pleading to govern a complaint's survival."  127 S. Ct. at 1968-69.

In re Katrina Canal Breaches Litig., 495 F.3d at 205 n.10.

3

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (quoting Bell Atl., 127 S. Ct. at 1965).

### III.  Legal Analysis

The City of Jackson has moved for dismissal of Taylor's claims under 42 U.S.C. §§ 1981 and 1983.  The United States Court of Appeals for the Fifth Circuit has found that "[m]unicipal liability under both § 1981 and § 1983 requires proof of three elements in addition to the underlying claim of a violation of rights: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Cox v. City of Dallas, Tex., 430 F.3d 734, 748 (5th Cir. 2005) (citations omitted).  To hold a municipality liable on such claims:

> [A] plaintiff must initially allege that an official policy or custom "was a cause in fact of the deprivation of rights inflicted." Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994).  To satisfy the cause in fact requirement, a plaintiff must allege that "the custom or policy served as the moving force behind the [constitutional] violation" at issue, Meadowbriar Home For Children, Inc. v. Gunn, 81 F.3d 521, 533 (5th Cir. 1996), or that her injuries resulted from the execution of the official policy or custom, Fraire v. Arlington, 957 F.2d 1268, 1277 (5th Cir. 1992). The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts. Fraire, at 1278.

Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 167 (1997).  See also Piotrowski v. City of Houston, 237 F.3d 567, (5th

4

Cir. 2001) (citing Monell v. Department of Social Servs., 436 U.S. 658 (1978)); Gradstaff v. City of Borger, Tex., 767 F.2d 161, 169 (5th Cir. 1985) (finding that "[t]here is no respondeat superior liability of a municipality." Instead, "[t]here must be (1) a policy (2) of the city's policymaker (3) that caused (4) the plaintiff to be subjected to a deprivation of constitutional right.").

In the case *sub judice*, Taylor has not alleged any of the elements necessary for maintaining a cognizable Section 1981 or 1983 claim. Nowhere in Taylor's Complaint does she identify either a policy or custom that caused the deprivation of constitutional rights about which she complains or the offending policymaker. Likewise, Taylor has not indicated the manner in which a municipal policy or custom motivated or otherwise resulted in her termination. Because Taylor has not identified a "municipal policymaker who could be held responsible, through actual or constructive knowledge, for enforcing a policy that caused [her] injuries", see Piotrowski, 237 F.3d at 578-79, the Court finds that she has failed to plead sufficient facts to state a facially plausible claim under either Section 1981 or 1983. See id. at 578 n.17 (finding that in order for liability to attach on a Section 1983 claim, there must be "both the involvement of a municipal policymaker and affirmative municipal action."). Accordingly, the Court finds that Taylor's Section 1981 and 1983 claims should be dismissed.

## IV. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant to Dismiss Remaining Claims [Docket No. 13] is hereby granted.  A Final Judgment will be entered dismissing this case with prejudice.

SO ORDERED this the 15th day of November, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE